IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DANNY WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 123-117 |
| | ) | |
| TIMOTHY WARD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, currently incarcerated at Ware State Prison in Waycross, Georgia, filed this case pursuant to 42 U.S.C. § 1983, concerning events alleged to have taken place in Augusta, Georgia. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.  **SCREENING THE AMENDED COMPLAINT**

  A.  **BACKGROUND**

Plaintiff's amended complaint names as Defendants: (1) Georgia Department of Corrections Commissioner Timothy Ward, (2) Special Assistant District Attorney John Regan, (3) Sheriff Richard Roundtree, (4) Investigator Paul Godden, (5) Investigator Alan Greene, (6) Warden Pashion Chambers, and (7) Superior Court Judge John Flythe. (Doc. no. 13, pp. 1-3, 12.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

In July 2021, Plaintiff's criminal case was made public and reported in numerous media outlets throughout the state of Georgia. (Id. at 12.) Plaintiff, his wife, and his son were reported as "affiliated with the Ghost Face Gangsters," made up of white supremacists who were involved in criminal enterprises. (Id.) The media reports were based on information from various individuals as part of Governor Brian Kemp's reelection campaign. (Id.) The false information caused Plaintiff, his wife, and his son to endure mental anguish. (Id. at 12-13.) From the gang of over five thousand members, only seventy-seven individuals were indicted of various crimes. (Id. at 15.) Plaintiff believes that since he, his wife, and his son were prosecuted, Defendants engaged in "selective and malicious prosecution." (Id.) Plaintiff's wife was held without bail for several months by Defendant Flythe and once she was given bail in November 2021, she could not have contact with Plaintiff for over two years. (Id. at 14.) Plaintiff and his wife were together for twenty-six years, so he was deprived of companionship, support, meaningful family relationships, and now suffers from various mental health issues. (Id.)

Defendants Regan, Godden, and Green also used false statements to obtain an indictment against Plaintiff. (Id. at 13.) Upon learning of the indictment, Plaintiff submitted a demand for speedy trial in court and a request for "final disposition" to Defendant Ward. (Id. at 14.) Defendant Flythe granted Defendant Regan's motion to dismiss Plaintiff's speedy trial demand. (Id.) The Clerk of Superior Court informed Plaintiff that Defendant Ward never processed the final disposition request, so Plaintiff submitted a grievance against him. (Id.) The Georgia Department of Corrections later responded, asserting they had no control over Plaintiff's final disposition as his criminal case was in state court. (Id. at 14-15.) At some unidentified point, Plaintiff was denied parole, did not have visits or money, and claims that Defendants Flythe and Regan "intentionally lingered [his case] with no progress." (Id. at 14.)

Prior to this criminal case in Richmond County, an unidentified narcotics investigator was caught stealing drugs from the crime lab. (Id. at 15.) Plaintiff believes the weight of the drugs from his case changed while it was in the crime lab due to an investigator or someone within the lab. (Id.) The weight change harmed the state's case and Defendants "retaliated against plaintiff and his family in bringing the fabricated, false charges and announcements." (Id.)

While housed at Coastal State Prison, Plaintiff repeatedly filed grievances for disability accommodations due to a spinal cord injury. (Id. at 17.) Defendant Chambers is the Deputy Warden of security at the prison and is also in charge of the faith and character-based programs. (Id.) Defendant Chambers disregarded Plaintiff's disabilities and at an unidentified point, Plaintiff was removed from one of the programs to be transferred without any explanation. (Id.) Plaintiff also did not have a lock to secure his personal property and was housed in a dorm with violent inmates. (Id.)

Plaintiff seeks nominal and punitive damages. (Id. at 5.)

B.   DISCUSSION

   1.   **Legal Standard for Screening**

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the amended complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. The Case Should Be Dismissed Because Plaintiff Failed to Truthfully Disclose His Prior Filing History

Here, pursuant to Federal Rule of Civil Procedure 11, Plaintiff did not disclose any of his prior federal cases and when asked if he has ever had a previous case dismissed under the three strikes rule, he wrote "not sure of details." (Doc. no. 13, pp. 8-9.) However, the Court

4

is aware Plaintiff previously had numerous cases pending in federal court over the last two decades: Williams v. Ward, et al., No. 1:22-CV-134-JRH-BKE (S.D. Ga. Nov. 23, 2022); Williams v. Barrow, No. 5:11-CV-431-MTT, 2013 WL 256753, at *2 (M.D. Ga. Jan. 23, 2013), aff'd, 559 F. App'x 979 (11th Cir. 2014); Williams v. Walker, No. 5:12-CV-056-MTT-CHW (M.D. Ga. Mar. 23, 2012); Williams v. Brown, et al., No. 6:07-CV-045-BAE-GRS (S.D. Ga. Aug. 31, 2010); Williams v. Donald, et al., No. 5:01-CV-292-HL (M.D. Ga. Jan. 5, 2010); Williams v. Stanelle, et al., No. 5:04-CV-417-DF-CWH (M.D. Ga. Feb. 15, 2008); Williams v. Donald, No. 05-15803-F (11th Cir. 2006); Williams v. Wetherington, et al., No. 1:02-CV-126-WLS (M.D. Ga. Sept. 19, 2005); and Williams v. Stanelle, et al., No. 5:04-CV-424-DF-CWH (M.D. Ga. Jan. 11, 2005). Plaintiff commenced each of these cases before filing his original and amended complaint in the instant case, meaning he had every chance to fully disclose his prior filing history.

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731; see also Strickland v. United States, 739 F. App'x 587, 587-88 (11th Cir. 2018) (*per curiam*) (affirming dismissal of complaint based on failure to disclose eight habeas petitions filed in district court); Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) (*per curiam*) (affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose previous litigation); Redmon v. Lake Cnty. Sheriff's Office, 414 F. App'x 221, 223,

226 (11th Cir. 2011) (*per curiam*) (affirming dismissal, after directing service of process, of amended complaint raising claims that included denial of proper medical care and cruel and unusual punishment for placement in a "restraint chair" and thirty-seven days of solitary confinement upon discovering prisoner plaintiff failed to disclose one prior federal lawsuit); Young v. Sec'y Fla. for Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2010) (*per curiam*) (affirming dismissal of third amended complaint based on a plaintiff's failure to disclose prior cases on the court's complaint form); Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538368 (N.D. Fla. Mar. 21, 2012) (dismissing case alleging deliberate indifference to serious medical needs where plaintiff failed to disclose new case commenced in interim between filing original complaint and second amended complaint), *adopted by* Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538336 (N.D. Fla. May 2, 2012).

Indeed, "pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an IFP action if the court determines that the action is 'frivolous or malicious.'" Burrell v. Warden I, 857 F. App'x 624, 625 (11th Cir. 2021) (*per curiam*) (citing 28 U.S.C. § 1915(e)(2)(B)(i)). "An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury, as such a complaint is an abuse of the judicial process." Id. The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia. See, e.g., Williamson v. Cnty. of Johnson, GA, CV 318-076, 2018 WL 6424776 (S.D. Ga. Nov. 5, 2018), *adopted by* 2018 WL 6413195 (S.D. Ga. Dec. 6, 2018); Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006) (*per curiam*). Plaintiff's failure to disclose his prior cases discussed above was a blatantly

6

dishonest representation of his prior litigation history, and this case is subject to dismissal without prejudice as a sanction for abusing the judicial process.

### 3. Plaintiff Fails to State a Claim for Supervisory Liability Against Defendants Ward, Roundtree, and Chambers

Plaintiff fails to state a claim for relief against Defendants Commissioner Ward, Sheriff Roundtree, and Warden Chambers by virtue of their respective supervisory positions. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013) (*per curiam*). Likewise, supervisors and employers cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). Therefore, to hold Defendants liable, Plaintiff must demonstrate that they (1) actually participated in the alleged constitutional violation, or (2) there is a causal connection between the individual's actions and the alleged constitutional violation. See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).

Here, Plaintiff specifically names Defendants Ward, Roundtree, and Chambers, not because of their direct involvement in the events about which he complains, but by virtue of their supervisory positions. (See generally doc. no. 13.) Moreover, Plaintiff does not even

7

implicate these Defendants in the relevant portions of his statement of claim. (Id.) Instead, he merely makes a preliminary argument that these Defendants allowed the complained of violations of Plaintiff's rights due to their supervision and authority in their respective positions. (See id.)

Therefore, Plaintiff must allege a causal connection between these defendants and the asserted constitutional violations in order to hold them liable. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff's allegations do not provide the causal connection to hold Defendants liable. Plaintiff has not alleged (1) a history of widespread abuse regarding improper treatment, (2) an improper custom or policy put in place by any Defendants regarding treatment of inmates, or (3) an inference any of these supervisory Defendants directed prison or other employees to act, or knew they would act, unlawfully. In sum, Plaintiff has not shown Defendants actually

8

participated in the alleged constitutional violation; nor has he drawn the necessary causal connection to any alleged constitutional violation. Therefore, Plaintiff fails to state a claim upon which relief may be granted against Defendants Ward, Roundtree, and Chambers.

### 4. Defendant Judge Flythe is Immune from Suit

Plaintiff's claims for monetary damages against Judge Flythe are barred by judicial immunity. It is well-settled that judicial officers are entitled to absolute immunity for "actions taken . . . within the legitimate scope of judicial authority." Rehberg v. Paulk, 566 U.S. 356, 363 (2012). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).

Plaintiff's amended complaint describes the quintessential judicial function of presiding over criminal cases. (See generally doc. no. 13.) Because Plaintiff fails to allege any facts to suggest Judge Flythe acted in the "clear absence of all jurisdiction," id. at 357, the amended complaint fails to state a claim for monetary damages. See Jarallah v. Simmons, 191 F. App'x 918, 920-21 (11th Cir. 2006) (affirming dismissal of complaint for failure to state claim where judicial immunity barred state judge's liability for damages and plaintiff failed to allege facts showing constitutional violation).

In addition to judicial immunity, judges receive protection from injunctive or declaratory relief in claims arising under 42 U.S.C. § 1983. Tarver v. Reynolds, 808 F. App'x 752, 754 (11th Cir. 2020). For a Plaintiff to receive injunctive or declaratory relief, "the judicial officer must have violated a declaratory decree or declaratory relief must otherwise be unavailable." Id. Additionally, there must exist an "absence of an adequate remedy at law." Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000). Plaintiff alleges no violation of a

declaratory decree, and other declaratory relief is available through filing for a writ of mandamus with another Georgia Superior Court requesting an order for Judge Flythe to take appropriate action in the case, or appealing any adverse ruling with the Georgia Court of Appeals.  See Graham v. Cavender, 311 S.E.2d 832 (Ga 1984) (stating proper relief in Georgia for failure to take prompt judicial action is filing writ of mandamus in another state superior court); Sibley v. Lando, 437 F.3d 1067, 1074 (11th Cir. 2005).

### 5. Plaintiff Has No Claims Against Defendant John Regan

Plaintiff's claims against Special Assistant District Attorney John Regan are subject to dismissal because his role as prosecutor entitles him to immunity.  "A prosecutor is immune from liability under § 1983 for his actions 'in initiating a prosecution and in presenting the State's case,' and for actions that are 'intimately associated with the judicial phase of the criminal process.'" Mikko v. City of Atlanta, 857 F.3d 1136, 1142 (11th Cir. 2017) (quoting Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976)).  This absolute immunity shields prosecutors from liability for "actions taken . . . in their role as advocates." Rehberg v. Paulk, 566 U.S. 356, 363 (2012); "The prosecutorial function includes the initiation and pursuit of criminal prosecution, and most appearances before the court . . . ." Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004) (citations omitted); see also Kassa v. Fulton Cnty., Ga., 40 F. 4th 1289, 1293-94 (11th Cir. 2022) (analyzing prosecutorial immunity in fact-specific inquiry considering, among other fact-specific reasons, recall of material witness warrant did not "require[] . . . exercise of professional judgment or legal skill").

Plaintiff's allegations against Defendant Regan fall squarely within the actions for which prosecutors are immune from suit when investigating, indicting, and presenting a criminal case.  Prosecutors are similarly immune from suits for malicious prosecution under Georgia law.  Hall v. Ga. Dept. of Pub. Safety, 2015 WL 12867005, at *10 (N.D. Ga. June 30,

2015) ("Similar to the immunity applicable to claims under § 1983, Georgia law recognizes that prosecutorial immunity extends to a prosecutor's decision to file formal criminal charges against an individual." (internal quotation marks and citation omitted)).  Thus, as Plaintiff's claims against Defendant Regan rest entirely on actions taken as a prosecutor, Plaintiff fails to state a valid § 1983 claim against him.

### 6. Plaintiff Fails to State a Claim Against Defendants Godden and Greene

The Eleventh Circuit has held that a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation.  Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").  While Plaintiff names Defendants Godden and Greene in the caption of his amended complaint and only once briefly mentions both Defendants when asserting they were investigators in his criminal case, Plaintiff does not mention them anywhere else in the statement of his claim.  (See doc. no. 13.)  Nor does he make any allegations associating either Defendant with any purported constitutional violations.  (Id.) Dismissal of Defendants Godden and Greene is therefore appropriate.  See Douglas, 535 F.3d at 1321-22.

### 7. Plaintiff's Official Capacity Monetary Claims

Plaintiff is suing all Defendants in their individual and official capacities.  (Doc. no. 13 pp. 1-3, 12.)  However, the Eleventh Amendment bars official capacity claims against state officials for monetary damages.  See Kentucky v. Graham, 473 U.S. 159, 169 (1985). Therefore, Plaintiff's official capacity claims against all Defendants for monetary relief fails as a matter of law.

11

### 8.     Plaintiff's Claims Are Barred Under Heck v. Humphrey

Even if Plaintiff's case was not due to be dismissed for failing to truthfully disclose his prior filing history and for the variety of other reasons as discussed above, Plaintiff's claims are nevertheless barred under Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). In Heck, the Supreme Court held that when an inmate's allegations rest on the invalidity of his imprisonment, his § 1983 claim does not accrue until that invalidity is proven. 512 U.S. 477, 486-87 (1994); see also Harden v. Pataki, 320 F.3d 1289, 1301 (11th Cir. 2003) (extending Heck to parole revocation challenges); Cobb v. Florida, 293 F. App'x 708, 709 (11th Cir. 2008) (holding district court correctly dismissed §1983 complaint where necessary implication of granting relief would be finding revocation of probation invalid). In Heck, the Supreme Court further explained, if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then that § 1983 claim must be dismissed unless the conviction has already been invalidated. 520 U.S. at 487. In short, a claim for monetary damages that challenges Plaintiff's incarceration is not cognizable under § 1983. Id. at 483.

Here, Plaintiff claims the investigation, arrest, indictment, and criminal proceedings in his state criminal case were defective for a variety of reasons. (See generally doc. no. 13.) Were these claims resolved in Plaintiff's favor, the outcome would inevitably undermine Plaintiff's current incarceration, placing the claims "squarely in the purview of Heck." Reilly, 622 F. App'x at 835; see also Vickers v. Donahue, 137 F. App'x 285, 289-90 (11th Cir. 2005) (*per curiam*) (affirming summary judgment in favor of probation officers accused of falsely submitting affidavits for arrest for probation violation where plaintiff had available post-revocation relief and successful § 1983 claim would imply invalidity of revocation order and sentenced imposed). Indeed, Plaintiff has not pointed to a "conviction or sentence reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to

12

make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." <u>Heck</u>, 512 U.S. at 487.  In sum, Plaintiff's claims are also barred under <u>Heck</u>.

## II.     CONCLUSION

Because Plaintiff has abused the judicial process by providing dishonest information about his filing history, and because he fails to state a claim upon which relief may be granted, the Court **REPORTS** and **RECOMMENDS** Plaintiff's amended complaint be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 14th day of November, 2023, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA